UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23612-CIV-KING

MARGARET R. DEPASS,

    Plaintiff,

v.

UNUM d/b/a FIRST UNUM LIFE INSURANCE
COMPANY, a Registered Trademark and Marketing
Brand of UNUM GROUP and its INSURING
SUBSIDIARIES

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Unum's Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike Demand for Trial by Jury (DE #14), filed January 4, 2011. *Pro se* Plaintiff DePass filed an Objection to Unum's Motion to Dismiss (DE #16) on January 11, 2011.

Count I of DePass's Amended Complaint (DE #11) asserts a claim for disability benefits against her former employer's insurance company under the Employee Retirement Income Security Act, §§ 1001–1461 ("ERISA"). Count II asserts a claim for "Mental, Emotional and Physical Suffering," as a result of Unum's "wonton, willful, malicious and intentional denial to pay DEPASS disability benefits." (DE #11 at 3–4). Count III asserts a claim for "Wrongful Financial Loss," and alleges Unum's refusal to pay Plaintiff DePass's disability benefits "caused DEPASS to default in her financial

obligations," which in turn caused "significant financial damages." *Id.* at 4–5. Defendant Unum moved to dismiss the Complaint for failure to state a claim upon which relief can be granted and failure to allege exhaustion of administrative remedies, and moved to strike Plaintiff's Demand for Jury Trial. (DE #14).

**I.   Exhaustion of Administrative Remedies**

ERISA requires employers to establish administrative procedures for reviewing employees' claims for benefits under their employee benefit plans. 29 U.S.C. § 1133. "Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA." *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir. 1992); *see also Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court.") (citations omitted). A Complaint that does "not allege anything about whether [plaintiff] pursued any available relief under the claims procedures terms of [the] employee benefits plan" is subject to dismissal. *Byrd*, 961 F.2d at 160–1 (affirming dismissal where Plaintiff failed to plead either exhaustion of administrative remedies or impossibility of exhaustion).

In the instant case, Plaintiff DePass has alleged only that Unum has refused to pay her benefits under her employer's policy, as required by ERISA. She has not alleged in the Amended Complaint what, if any, relief she pursued under the terms of the employee welfare plan issued to her former employer. In the Objection to Unum's Motion to

Dismiss, Plaintiff explains she "thought it was obvious that I had exhausted all administrative remedies and all other possible remedies before bringing this claim." (DE #16 at 1). However, the law of this Circuit requires that exhaustion of administrative remedies, or impossibility of exhaustion, be pled in the Complaint. Accordingly, Plaintiff's claims are subject to dismissal on this ground.

## II.  Failure to State a Claim upon which Relief can be Granted

Defendant Unum argues that Counts II and III are preempted by ERISA, and must therefore be dismissed because extra-contractual remedies, like emotional distress and financial loss, may not be recovered under ERISA.

### A. Preemption

As observed by the United States Supreme Court, ERISA is a "massive undertaking" by Congress that "comprehensively regulates . . . employee welfare benefit plans that . . . provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987). The statute itself states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The term "State law" refers to "[a]ll decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. §1144(c)(1). A state law "relates to" a ERISA plan "if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001). "The express preemption provisions of

3

ERISA are deliberately expansive," and "not limited to 'state laws specifically designed to affect employee benefit plans.'" *Pilot Life*, 481 U.S. at 45–6, 47–8.

The United States Supreme Court has held a variety of state statutory and common law claims sounding in tort and contract are completely preempted by ERISA. *See, e.g., Aetna Health Ins. v. Davila*, 542 U.S. 200, 204, 221 (2004) (holding claims for violation of duty imposed by Texas Health Care Liability Act preempted); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 250, 263 (1993) (finding claims that nonfiduciary breached "nonfiduciary duties" and participated in breach of fiduciary duty barred by ERISA); *Ingersoll-Rand Co. v. McLendon*, 498 U.S. 133, 140 (1990) ("A claim that the employer wrongfully terminated plaintiff because of the employer's desire to avoid contributing to . . . the employee's [ERISA] pension fund . . . is preempted."); *Pilot Life*, 481 U.S. 41, 43, 57 (holding common law breach of contract and tort claims preempted); *Metropolitan Life Ins. Co. v. General Motors Corp.*, 481 U.S. 58, 62 (finding common law breach of contract, wrongful termination, and retaliation claims preempted by ERISA).

Plaintiff here does not state the specific cause of action or legal theory she relies on to recover for "emotional, mental and physical suffering" and "wrongful financial loss." However, given "ERISA's broad preemption provision" and the caselaw interpreting it, this Court finds that any causes of action supporting Counts II and III in the Amended Complaint "relate to" a ERISA plan and are therefore preempted.

## B. Availability of Extra-Contractual Damages

Even if Counts II and III were not preempted, the relief sought therein is not available under ERISA. The remedial scheme laid out in ERISA's civil enforcement provision exclusively governs which remedies are available under the statute. 29 U.S.C. § 1132. Pursuant to Section 1132, a plan participant or beneficiary's remedies are limited to recovery of benefits due under the plan, enforcement of rights under the plan, or clarification of rights to future benefits. *Id.* "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life*, 481 U.S. at 53.

This "comprehensive civil enforcement scheme . . . represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans[, which] would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* at 54. Federal courts are not at liberty to "engraft a remedy a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145 (1985) (holding extra-contractual and punitive damages not available under ERISA). Thus, any recovery sought by Plaintiff DePass is limited to the relief accorded by ERISA: benefits due under her former employer's employee welfare plan, a declaratory judgment on entitlement to those benefits, or an injunction against the plan administrator for refusal

to pay her benefits.

## III. Demand for Trial by Jury

Trial by jury is not available in ERISA cases because they are equitable in nature. *Rolland v. Textron, Inc.*, 300 F. App'x 635, 636 (11th Cir. 2008) ("It is well-settled that plaintiffs bringing ERISA claims are not entitled to jury trials under ERISA because such claims are equitable in nature."); *Broaddus v. Florida Power Corp.*, 145 F.3d 1283, 1287 n.2 (11th Cir. 1998) (affirming striking of plaintiff's demand for a jury trial on ERISA claim). Plaintiff DePass's Demand for Trial by Jury must be stricken.

## IV. Conclusion

After a careful review of the record and for the foregoing reasons, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant Unum's Motion to Dismiss Plaintiff's Amended Complaint and to Strike Demand for Trial by Jury **(DE #14)** is **GRANTED.**

2. **Count I** of Plaintiff DePass's Amended Complaint **(DE #11)** is **DISMISSED without prejudice** to re-file within **twenty (20) days** from the date of this Order. If Plaintiff DePass wishes to be represented by counsel in this matter, counsel shall be retained within the **twenty (20) day** time period.

3. **Count II** and **Count III** of the Amended Complaint **(DE #11)** are **DISMISSED with prejudice.**

4.  Plaintiff DePass's Demand for Trial by Jury is **STRICKEN.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of January, 2011.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Plaintiff*

**Margaret R DePass**
P.O. Box 83-5641
Miami, FL 33283
PRO SE

*Counsel for Defendant*

**Kristina Beth Pett**
Pett Furman, PL
2101 NW Corporate Boulevard
Suite 316
Boca Raton, FL 33431-7343
561-994-4311

Fax: 982-8985
Email: kpett@pettfurman.com