UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23612-CIV-KING

MARGARET R. DEPASS,

    Plaintiff,

v.

UNUM d/b/a FIRST UNUM LIFE INSURANCE
COMPANY, a Registered Trademark and Marketing
Brand of UNUM GROUP and its INSURING
SUBSIDIARIES,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Plaintiff Margaret R. DePass' Amended Motion and Memorandum in Support of Her Motion for Reconsideration (DE #61), filed December 20, 2011.[1] Therein, Plaintiff seeks relief from the Court's Order Granting Defendant's Motion for Summary Judgment, filed November 1, 2011. (DE #57). Plaintiff previously sought this same remedy by filing a Motion for Reconsideration (DE #58) on November 8, 2011. After a careful review of the record, the Court denied Plaintiff's Motion for Reconsideration on December 1, 2011. (DE #60). Plaintiff now asks the Court to reconsider the matter yet again. Having reviewed the

---

[1] Defendant filed a Response (DE #62) on January 6, 2012. No reply was timely filed. The matter is therefore ripe for determination.

concerns raised by Plaintiff in the Amended Motion, the Court finds no legal or factual basis to support reconsideration.

A motion for reconsideration may only be granted for limited reasons. A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. *Eisenberg v. Carnival Corp.*, No. 07-22058-CV, 2008 WL 2946029 at *2 (S.D. Fla. July 7, 2008); *see also Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). In the interests of finality and conservation of scarce resources, reconsideration of an order is an extraordinary remedy which is to be employed sparingly. *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), aff'd, 419 F.3d 1208 (11th Cir. 2005); *see also Spellman v. Haley*, 2004 WL 866837 at *2 (M.D. Ala. 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Furthermore, a motion for reconsideration cannot be used to advance arguments already rejected by the court. See *U.S. v. All Assets and Equipment of West Side Building Corp., et al.*, 843 F. Supp. 377, 385 (N.D. Ill. 1993). It is an inappropriate vehicle for raising arguments which could have been raised before judgment was entered. *Dokol Crystal Products, Inc. v. D.S.C. Communications Corp.*, 15 F.3d 1427, 1434 (7th Cir. 1994).

Plaintiff, however, again fails to present a prima facie case for reconsideration.

Plaintiff does not offer any new legal or factual evidence, nor can Plaintiff show either an intervening change in controlling law or a need to correct clear error or manifest injustice. Plaintiff instead again asserts that this Court "should not look at timeliness of this last appeal but look at the issue of 'timeliness' as a distraction from the true facts in this case." (DE #61, at 3). Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Plaintiff has not asserted any change in the law or in the facts upon which the Court's decision was based, but merely attempts to get another bite at the apple.

Accordingly, after full consideration of the pleadings and the status of the case, it is hereby

**ORDERED, ADJUDGED, and DECREED** that Plaintiff's Amended Motion for Reconsideration of the Court's November 1, 2011 Order **(DE #61)** is hereby **DENIED**. Plaintiff may not file any further motions for reconsideration without leave of the Court, but may appeal to the Eleventh Circuit Court of Appeals if so desired.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 17th of January, 2012.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
*__Plaintiff__*

**Margaret R. DePass**
P.O. Box 83-5641
Miami, FL 33283
PRO SE

*__Counsel for Defendant__*

**Kristina Beth Pett**
Pett Furman, PL
2101 NW Corporate Boulevard
Suite 316
Boca Raton, FL 33431-7343
561-994-4311

Fax: 982-8985
Email: kpett@pettfurman.com